Williams, J.
The evidence tended to show the property belonged to plaintiff, and there was no proof it belonged to plaintiff’s husband, the defendant in the execution. So that the judgment should be affirmed unless there were errors in the reception or rejection of evidence requiring a reversal of the judgment.
The justice rejected evidence of the judgment and exe *629 cution alleged in the answer. This was competent and material evidence under the pleadings, and should have been received; but no injury resulted therefrom to the defendant, unless it was made to appear the husband owned the property, and there was no such evidence in the case. The justice rejected evidence to show that the husband had given chattel mortgages covering the property, thus claiming and asserting he was the owner of the property. This was not competent or proper evidence. His acts or claims to the property could not affect the plaintiff or her title to the property. The plaintiff testified she was owner of the property, a roan, cow; she occupied a small farm, with her husband; she owned farm, and he worked it; the cow was taken from her farm; had been in her possession since a calf; she got a cow from her father and let her out to double, and at end of four years received two cows for her; one of these cows she traded with one Overton, and got the other of the cows in question; there were eight cows on the farm, all of which she claimed. She was then asked by defendant where she got the cows. This was objected to by plaintiff as immaterial, and objection sustained. She was also asked how long she had owned the farm. This was objected to by plaintiff, and objection sustained. It appeared the constable levied upon a fanning mill as well as this cow. She was asked where she got this fanning mill. This was objected to by plaintiff, and objection sustained. All this evidence was immaterial, except as matter of cross-examination of the plaintiff as a witness. It would have been well for the justice to have permitted the questions to be answered, but we cannot see how the defendant could possibly have been prejudiced by the rulings. The extent of a cross-examination of a witness, is very largely a matter of discretion, to be exercised by the court. The plaintiff had already given a pretty full account of her manner of acquiring title' to the property in question, and we can not possibly see how answers to these questions would have aided the defendant in showing any title in. plaintiff’s husband to the property in question. There seem to us to have been no errors in the trial calling for a reversal of the judgment rendered by the justice.
The judgment appealed from should be affirmed, with costs.
Learned and Landon, JJ„, concur.